UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| VITOL INC. § | |
| *Plaintiff*, § | |
| § | |
| v. § | CAUSE NO. 2:20-cv-61 |
| § | |
| VETERAN ENERGY TRANSPORT, INC., and § | |
| VETERAN ENERGY TRANSPORT LLC § | |
| *Defendants*. § | |

## PLAINTIFF VITOL INC.'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Vitol Inc. files its Original Complaint, seeking damages for Defendant Veteran Energy Transport, Inc. and Veteran Energy Transport LLC's (collectively, "Veteran" or "Veteran Energy Transport") breaches of their contractual duties for failing to defend and indemnify Vitol in a personal injury lawsuit filed in Zavala County, Texas, and further seeking declarations establishing Veteran's contractual duties, and would show the Court as follows:

### INTRODUCTION

1. Vitol entered into a Master Service and Supply Agreement with Veteran Energy Transport to transport crude oil purchased by Vitol from oil producers in South Texas. Veteran's contractual obligations included (1) a duty to defend and indemnify Vitol for claims for personal or bodily injury arising out of, relating to, or connected with the Agreement; (2) a duty to procure and maintain liability insurance policies and to require that Vitol be included as an additional insured on the polices; and (3) not assign any of its duties under the Agreement without Vitol's consent. Veteran has breached each of these duties.

2. Vitol was sued in Texas state court in Zavala County, Texas for bodily injury by an employee of Wildcat Crude, LLC. That employee was performing duties assigned to Veteran under the Agreement, which Veteran subsequently assigned to Wildcat Crude without Vitol's consent. Pursuant to the Agreement, Vitol has repeatedly demanded that Veteran acknowledge and fulfill its duty to defend and indemnify Vitol in the state-court action. Veteran declined to do so. Vitol has also been advised by Veteran's insurance carrier that Vitol is not an additional insured under the policies covering Veteran. Notwithstanding Veteran's failure to comply with its contractual obligations, Vitol has settled the claims against it in the underlying state action and has been dismissed with prejudice from the action. But because Veteran's multiple breaches of the Agreement caused Vitol to incur attorney's fees and expenses in defending the underlying state-court action in attempting to obtain Veteran's compliance with the Agreement and to pay settlement monies for the settlement of the action, and threaten to leave Vitol without the contractual indemnification for which it bargained, Vitol brings this suit to establish its damages for Veteran's breaches of the Agreement and to obtain declarations of Vitol's rights and Veteran's duties under the Agreement.

**PARTIES**

3. Plaintiff Vitol Inc. is a Delaware corporation with its principal place of business in Houston, Texas. Plaintiff is an energy and commodities trader, engaged in, among other things, the business of purchasing and selling crude oil throughout the State of Texas.

4. Defendant Veteran Energy Transport, Inc. is a Florida corporation with its principal place of business in the Sarasota, Florida. As a corporation, Defendant may be served by following Texas law for serving summons in an action brought in courts of general jurisdiction. *See* FED. R. CIV. P. 4(e)(1), (h)(1)(A). Defendant has conducted in business in the State of Texas by contracting

with Vitol, a Texas resident, and performing under the contract in Texas. *See* TEX. CIV. PRAC. & REM. CODE § 17.042(a)(1). Defendant may be served with summons via registered mail or certified mail, return receipt request, through its registered agent for service of process listed with the Texas Secretary of State: Brandon Hall, 920 S. Main Street, Suite 190 Grapevine, Texas 76501. TEX. BUS. ORG. CODE § 5.201; TEX. R. CIV. P. 106(a)(2).

5. Defendant Veteran Energy Transport LLC is a Florida limited liability company with its principal place of business in Sarasota, Florida. As an unincorporated association, Defendant may be served by following Texas law for serving summons in an action brought in courts of general jurisdiction. *See* FED. R. CIV. P. 4(e)(1),(h)(1)(A). Defendant has conducted in business in the State of Texas by contracting with Vitol, a Texas resident, and performing under the contract in Texas. *See* TEX. CIV. PRAC. & REM. CODE § 17.042(a)(1). As a Florida limited liability company, Defendant is required by law to register as a foreign filing entity with the Texas Secretary of State, but has failed to do so or to designate a registered agent for service of process. *See* TEX. BUS. ORG. CODE § 9.001(a)(2). Thus, Defendant may be served through substituted service of process via the Texas Secretary of State. *See* TEX. CIV. PRAC. & REM. CODE § 17.044(a)(1); TEX. BUS. ORG. CODE § 5.251. The Secretary of State may effectuate service of process by mailing a copy of the summons and complaint to Defendant's director: Robert Klemeyer, 5575 Marquesas Circle, Sarasota, Florida 34233, via registered mail or certified mail, return receipt requested. *See* TEX. CIV. PRAC. & REM. CODE § 17.045(a), (d).

6. Plaintiff alleges that Defendant Veteran Energy Transport, Inc. is the alter ego of Defendant Veteran Energy Transport LLC. In the alternative, Plaintiff alleges that Defendant Veteran Energy Transport LLC. is the alter ego of Defendant Veteran Energy Transport, Inc. In this complaint, any allegation that "Veteran" or "Veteran Energy Transport" acted or failed to act is an

allegation that Veteran Energy Transport, Inc. and Defendant Veteran Energy Transport LLC acted or failed to act, whether jointly, individually, in concert, or through one another.

## SUBJECT MATTER JURISDICTION

7.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs. Plaintiff Vitol Inc. is incorporated in the State of Delaware and has its principal place of business in Texas. Defendant Veteran Energy Transport Inc. is incorporated in the State of Florida and has its principal place in Florida. Defendant Veteran Energy Transport LLC is an unincorporated association formed in the State of Florida and whose principal place of business is in Florida. Despite a reasonable search of public records and court filings, Vitol is unable to conclusively determine the membership of every member of Defendant Veteran Energy Transport LLC, but it does know that its managing member is a citizen of Florida and upon information and belief, its remaining members are citizens of Florida or, at a minimum, not citizens of Texas. Vitol settled the underlying liability lawsuit in an amount over $75,000.00 and also incurred defense costs and expenses as a result of the lawsuit in excess of $75,000.00.

## VENUE

8.  Venue is proper in this district and division because a substantial part of the events or omissions giving rise to the claim occurred in Zavala County, Texas, where the underlying state-court action proceeded, and the Del Rio Division of the Western District of Texas encompasses Zavala County. *See* 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

9.  Vitol Inc. is an energy and commodities company, primarily in the business of trading and marketing energy products, including crude oil. In 2018 and 2019, Vitol had purchase

agreements with an oil production company, Buffco Production, Inc. to purchase crude oil from wellsites in South Texas. In turn, Vitol contracted with Veteran to transport the crude oil purchased from Buffco to another facility.

**Vitol and Veteran execute a Master Service and Supply Agreement.**

10.     In October 2017, Vitol and Veteran entered into a Master Service and Supply Agreement with an effective date of September 1, 2017.  Veteran agreed to provide services, supplies, consulting, materials and/or equipment to Vitol. The parties agreed that Texas law would govern all matters relating to or arising under the Agreement. The Agreement contained several provisions related to this action.

11.     **Indemnity**. Veteran agreed that it "shall indemnify, defend, and hold harmless Vitol Group[1] from and against any and all Claims that are brought by or on behalf of any person or entity, that arise out of, relate to, or are connected with this Agreement or the performance hereof, including without limitation, Claims alleging: (i) the personal injury, bodily injury, illness, or death of any person … ."

12.     The Agreement also outlined the procedures for invoking its indemnification provisions. Vitol was required to notify Veteran as soon as practicable after receiving notice of a "Claim." In addition, Vitol retained the right to employ its own counsel in defense of the Claim, for which Veteran would still bear reasonable fees, costs, and expenses of such counsel, if Veteran failed to employ counsel to represent Vitol within a reasonable time after receiving notice of the "Claim." The Agreement further provided that, if Veteran defaulted on its obligation to assume responsibility for the defense of a claim, Vitol has the right to settle or compromise any "Claim" without Veteran's consent.

---

[1] The Agreement specifically defines "Vitol Group" to include Vitol Inc.

13. The Agreement further provided that any notice under the agreement was to be in writing and would be sufficient and binding upon Veteran by addressing it to a designated address and person, specifically Robert Klemeyer.

14. **Insurance Policies**. The Agreement also obligated Veteran to procure, maintain, and add Vitol as an additional insured on certain listed types of insurance policies, including commercial general liability insurance, automobile liability insurance, professional liability insurance, and excess and umbrella liability insurance.

15. **Non-assignment**. The Agreement also provided that Veteran could not assign the Agreement without the written consent of Vitol.

**Vitol is sued in the underlying state-court action.**

16. Under the Agreement, Vitol requested that Veteran begin transporting about 1300 barrels per day from certain leases in December 2017, including the Howett leases, located in Zavala County, Texas. Veteran accepted the assignment and represented that it had capacity to haul crude oil from the Howett leases, had previously hauled crude oil from the Howett leases, had recently tripled its capacity, and had a substantial facility in Mathis, Texas.

17. Veteran assigned some or all of its transportation duties under the contract to Wildcat Crude, LLC. Veteran did not inform Vitol of the assignment and did so without Vitol's consent. Veteran may have purchased a partial interest in Wildcat Crude, LLC. Veteran failed to ensure that Wildcat Crude provided its employees with proper and adequate safety policies and procedures regarding the dangers and hazards of crude oil and hydrogen sulfide; proper, adequate, and functioning safety equipment to guard against the dangers and hazards of crude oil and hydrogen sulfide; or proper training and instruction regarding the safe handling of crude oil and

awareness of hydrogen sulfide.[2] Veteran was aware that the Howett leases are located in fields containing high levels of hydrogen sulfide, which at times may concentrate in the air at the wellsites and storage units at levels that are hazardous and deadly to humans.

18. On February 8, 2018, Timson Broussard, a Wildcat Crude employee, was allegedly exposed to toxic levels of hydrogen sulfide at the 11H/12H wellsites on the Howett leases. Broussard was on the Howett leases to pick up crude oil under the Agreement between Vitol and Veteran.

19. Broussard filed a lawsuit in Texas state court in Zavala County District Court, cause number 18-04-14156-ZCV. Broussard alleged he suffered bodily injury damages due to a hydrogen sulfide gas leak while he was on a well site picking up crude oil on or about February 8, 2018. Broussard alleged the hydrogen sulfide detection and alarm safety system at the wellsites was not functioning. Broussard alleged that the oil was owned by Vitol; that Vitol had an obligation to advise Broussard about the risks and hazards of crude oil and precautionary measures for handling the oil, but failed to do so; and that Vitol bears responsibility for any leak of toxic gases from the crude oil that escaped and injured him. He further alleged that Vitol maintained control over the crude oil in the tanks, the hydrogen sulfide detection equipment, the storage and transfer equipment, and otherwise directed and controlled the details of his work. Vitol was served with the petition on July 16, 2019.[3]

---

[2] Veteran, Wildcat Crude, and Wildcat Fluids were designated as potential responsible third parties in the underlying state-court action on this basis.

[3] Broussard's live petition in the state-court action at the time of Vitol's dismissal was his Tenth Amended Original Petition, which was filed on May 21, 2020. Broussard provided some additional details regarding his allegations against Vitol, including that Vitol has an obligation to establish and implement reasonable site specific worksite policies and procedures for Broussard's safety.

**Vitol demands a defense and indemnity from Veteran.**

20. On or about August 1, 2019, Vitol submitted via mail and email a demand to Robert Klemeyer, a principal officer or director of Veteran Energy Transport, for a defense and indemnity in the underlying state-court action. Vitol further requested proof that Veteran had complied with its duties regarding naming Vitol as an additional insured on the insurance policies Veteran was required to maintain under the Agreement. Veteran did not respond to the demand.

21. On or about September 4, 2019, Vitol submitted via mail and email a second demand for a defense and indemnity in the underlying state-court action to Robert Klemeyer. The second demand noted that Vitol had properly submitted its demand to Veteran pursuant to the agreement and that Vitol would pursue all remedies under the Agreement if not response was received.

22. Klemeyer responded via email on September 10, 2019. In his email, Klemeyer claimed that Veteran was a wholly-owned subsidiary of Wildcat Fluids at the time of Broussard's alleged injury, but that Veteran had subsequently split off from Wildcat Fluids. Klemeyer attempted to push responsibility for adding Vitol as an additional insured on the required insurance policies onto Wildcat Fluids. Klemeyer provided no evidence to support his statements. He also failed to accept the request for a defense and indemnity in the underlying state-court action.

23. On or about October 25, 2019, Vitol submitted via mail and email a third demand for a defense and indemnity in the underlying state-court action to Robert Klemeyer. The third demand noted that any alleged involvement of Wildcat Fluids did not absolve Veteran of its obligations under the Agreement. The demand requested that Veteran make arrangement to pay the reasonable fees, costs, and expenses of Vitol's counsel and to make arrangements to fulfill its other obligations under the Agreement. The demand further advised that if satisfactory arrangements

were not properly made, Vitol would pursue all of its available remedies under the law. Neither Klemeyer or anyone else from Veteran replied to the third demand..

24.     In addition, on or about October 25, 2019, Vitol submitted a demand for defense and indemnity for the underlying state-court action on a principal officer of Wildcat Crude and Wildcat Fluids. The demand was apparently submitted to the entities' insurance carrier, Chubb, who requested further information from Vitol to evaluate the demand.

25.     On February 28, 2020, Chubb sent a letter denying the demand for a defense and indemnity. In the letter, Chubb noted that Wildcat Crude was covered by a commercial general liability insurance policy and a business auto insurance policy on the date of Broussard's alleged injury. Chubb further noted that Veteran was listed as a named insured on the policies. Chubb noted that Vitol did not qualify as an additional insured.

**Vitol defends and settles the claims against it in the underlying state-court action.**

26.     Vitol and its insurers retained the law firm of Valdez & Treviño, Attorneys at Law, P.C. to defend Vitol in the underlying state-court action. Among other legal tasks, members of the firm propounded and answered discovery, defended the deposition of Vitol's corporate representative, took depositions of the plaintiffs and their witnesses, took depositions of facts witnesses, filed various motions, including motions for leave to designate responsible third parties and to compel a medical and psychological examination of the lead plaintiff, and attended mediation. Vitol settled the claims against it at mediation for a confidential amount, which will provided under the appropriate protective orders, and that amount exceeded the jurisdictional limits of this court's subject-matter jurisdiction.

27.     Valdez & Treviño also represented Vitol in attempting to obtain Veteran Energy Transport's compliance with its contractual obligations to defend and indemnify Vitol in the

underlying state-court action. The firm also represents Vitol in this lawsuit to obtain damages and declarations regarding Veteran Energy Transport's breaches of its contractual obligations.

### COUNT 1 – BREACH OF CONTRACT

28. Vitol hereby incorporates by reference and restates paragraphs 9 through 23 of this Complaint. Vitol further alleges that Veteran's acts and omissions as described in the foregoing paragraphs constitute a breach of contract under Texas law. Vitol alleges it performed all its obligations under the Agreement by providing the notice required under the Agreement, but Veteran has failed to fulfill its obligations, thereby causing Vitol damages.

29. Specifically, Veteran failed to assume the defense of Vitol in the underlying state-court action. Vitol further alleges that all conditions precedent to Veteran's assumption of Vitol's defense have been performed. Veteran has also failed to acknowledge that it is liable for any settlement that may be paid by Vitol or judgment rendered against it in the state-court action

30. Veteran has also breached the Agreement by failing to ensure that Vitol is listed as an additional insured on the policies of insurance that Veteran was contractually obligated to procure and maintain under the Agreement. Coverage has therefore been denied to Vitol under those policies.

31. Veteran also breached the Agreement by failing to obtain Vitol's consent to the assignment of its duties under the Agreement to Wildcat Crude, LLC. Vitol has been damaged by Veteran's breach to the extent that Wildcat Crude or its employees are responsible for any of the damages claimed in the underlying state-court action.

32. As a direct and proximate result of Veteran's breaches, Vitol and its insurers were required to retain its own counsel to retain it in the underlying state-court action. Vitol hereby seeks its reasonable and necessary attorney's fees incurred in defending itself in the underlying state-

court action and for all litigation expenses, including travel costs, expert witness fees, mediation fees, and other similar expenses.

33.    Vitol also seeks its reasonable and necessary attorney's fees incurred in prosecuting this lawsuit for Veteran's breaches of the Agreement. *See* TEX. CIV. PRAC. & REM. CODE § 38.006, *et seq*.

### COUNT 2 – DECLARATORY JUDGMENT

34.    Vitol hereby incorporates by reference and restates paragraphs 9 through 23 of this Complaint. Pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure, Vitol seeks a declaratory judgment declaring the rights and legal relations between Vitol and Veteran under the Agreement.

35.    Specifically, Vitol requests that the Court declare:

   a)  Veteran was obligated under the Agreement to provide a defense to Vitol in the underlying state-court action;

   b)  Veteran breached its duty under the Agreement to provide Vitol a defense in the underlying state-court action;

   c)  Veteran is obligated under the Agreement to reimburse Vitol the reasonable fees, costs, and expenses of Vitol's retained counsel in the underling state-court action;

   d)  Vitol had the contractual right under the Agreement to settle or compromise the underling state-court action without Veteran's consent due to its breach of its duty to provide a defense; and

   e)  Veteran is obligated under the Agreement to indemnify Vitol for the costs of any such settlement.

### COUNT 3 – ALTER EGO

36. Vitol hereby incorporates by reference and restates paragraphs 9 through 23 of this Complaint. Vitol further alleges that Defendant Veteran Energy Transport LLC and Defendant Veteran Energy Transport, Inc. are alter-egos of one another. There is no real separation between the two companies and thus no corporate veil distinguishing the two entities.

37. Veteran Energy Transport LLC and Veteran Energy Transport, Inc. operated as instruments of each other and failed to regard alleged distinct corporate entities, and there is such a unity between the two that they have ceased to be separate entities. The companies acted in a manner as a sham to perpetuate fraud by failing to distinguish which entity was signing the contract between Vitol and Veteran Energy Transport. Both entities are registered with the Florida Secretary of State. Veteran Energy Transport, Inc. is registered as a for profit corporation with the Florida Secretary of State, and Veteran Energy Transport LLC is registered as a limited liability company with the Florida Secretary of State. In their Florida registration documents, both entities list the same Florida address as their principal address. And both companies identify Robert Klemeyer, and only Robert Klemeyer, as a corporate official or managing member. Veteran Transport Inc. is listed as the registered agent for Veteran Energy Transport LLC with the Florida Secretary of State.

### PRAYER

38. For these the foregoing reasons, Vitol prays for judgment against Veteran for all damages that are the direct and proximate result of Veteran's repeated breaches of the Agreement, including its reasonable and necessary attorney's fees in defending the underlying state court action and its reasonable and necessary attorney's fees in prosecuting this action and for its

requested declarations.  Vitol further prays for pre-judgment and post-judgment interest, costs of suit, and all other relief to which it is justly entitled in law or equity.

        Respectfully submitted,

**VALDEZ & TREVIÑO, ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

 /s/  Robert E. Valdez
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Joseph E. Cuellar**
State Bar No. 24082879
jcuellar@valdeztrevino.com
*Counsel for Defendant Vitol Inc.*